[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2005
THOMAS K. KAHN
CLERK

No. 04-14263
Non-Argument Calendar

_____

D. C. Docket No. 04-60077-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEE FENIMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 6, 2005)

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

David Lee Fenimore appeals his 24-month sentence for (1) knowingly

receiving and possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d); (2) knowingly possessing a firearm which had its serial number removed, obliterated, or altered, and which had been shipped or transported in interstate commerce, in violation of 18 U.S.C. § 922(k); (3) knowingly making and altering a firearm, in violation of 26 U.S.C. § 5861(f); and (4) knowingly receiving and possessing a unregistered firearm, in violation of 26 U.S.C. § 5861(d). Because the government failed to demonstrate that the district court committed a harmless Booker error, we **VACATE** and **REMAND** for resentencing.

## I. BACKGROUND

In 2004, a federal grand jury indicted Fenimore on four counts of firearm violations. Pursuant to a plea agreement, Fenimore pled guilty to (1) knowingly receiving, possessing , and transferring an unregistered silencer, in violation of 26 U.S.C. § 5861(d), (e), and § 5871, and 18 U.S.C. § 2; (2) knowingly possessing a semiautomatic UZI 9-millimeter rifle, which had its serial number removed, obliterated, or altered, and which had been shipped or transported in interstate or foreign commerce, in violation of 18 U.S.C. § 922(k); (3) knowingly making a rifle having a barrel less than 16 inches in length, in violation of 26 U.S.C. § 5861(f), 5845(a), and 5871; and (4) knowingly receiving and possessing an unregistered short barrel rifle, in violation of 26 U.S.C. § 5861(d), § 5871, and 18 U.S.C. § 2.

2

The presentence investigation report indicated that Fenimore's guideline sentencing range was 24 to 30 months of imprisonment based on a total offense level of 17 and a criminal history category of I.

Just prior to the sentencing hearing, Fenimore filed a motion to declare the federal sentencing guidelines unconstitutional under Blakely v. Washington, 542 U.S. ____, 124 S. Ct. 2531 (2004), and the Fifth and Sixth Amendments. During the sentencing hearing, Fenimore's counsel argued that the guidelines were unconstitutional but conceded that there was "absolutely nothing outside of the indictment . . . that is going to be relied upon by the [district] [c]ourt for sentencing purposes." R2 at 5. The district court concluded that, under the state of the law at that time, Apprendi/Blakely did not apply to the federal sentencing guidelines and overruled Fenimore's objection. The district court then sentenced Fenimore to 24 months of imprisonment for each count, to run concurrently. Although the district court sentenced Fenimore to the low end of the applicable guideline range, the district judge did not indicate whether he would have given Fenimore a lower sentence had he not been constrained by the guidelines. Fenimore renewed his objections to his sentence.

On appeal, Fenimore argues that the federal sentencing guidelines are unconstitutional under Blakely and contends that he is entitled to a resentencing.

In response, the government avers that any non-constitutional error in the district court's application of mandatory guidelines was harmless. Specifically, the government contends that there is no reasonable probability that the district court would have imposed a lesser sentence under an advisory guidelines scheme because (i) the district court was not persuaded by mitigating facts concerning Fenimore's role in the offense; (ii) no other mitigating facts were presented; and (iii) the district court did not indicate that it would have imposed a lesser sentence if not for the mandatory guidelines.[1]

## II. DISCUSSION

While the instant case was pending on appeal, the Supreme Court rendered its decision in United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). In Booker, the Supreme Court held that the mandatory nature of the Sentencing Guidelines made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. Id. at ___, 125 S. Ct. at 749-51. The Court concluded that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a

---

[1] Additionally, the government argues that Fenimore is not entitled to a resentencing because, in a brief filed before the Supreme Court decided United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), Fenimore argues that he is entitled to resentencing only if the guidelines are held facially unconstitutional, which they were not. We reject the government's argument and construe Fenimore's argument as an appeal of the district court's Booker statutory error.

4

jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at \_\_\_, 125 S. Ct. at 756. Additionally, the Court invalidated two provisions of the Sentencing Reform Act of 1984 that had made the guidelines mandatory but held that district courts must continue to take the guidelines into account in conjunction with other sentencing goals. Id. at \_\_, 125 S. Ct. at 764. The Court explicitly noted that both its Sixth Amendment holding and remedial interpretation of the Sentencing Act should be applied "to all cases on direct review." Id. at \_\_\_, 125 S. Ct. at 769.

Based on the Supreme Court's holdings, we have concluded that district courts could have commited "constitutional" and/or "statutory" errors in sentencing defendants before Booker. The statutory error, relevant in this case, occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Because Fenimore preserved his objection to the district court's "statutory" Booker error, we review the issue de novo, but we will reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). We deem a non-constitutional error harmless if, "viewing the proceedings in their entirety," we can "say with fair assurance" that "the error did not affect the

5

[sentence], or had but very slight effect." United States v. Mathenia, ___ F.3d ___, ___ (11th Cir. May 23, 2005) (per curiam) (mandate withheld) (citation and quotations omitted).  The government carries the burden to show that the error was harmless.  Id.  We have recognized that the government's burden is "not easy" to meet.  Id.

In this case, the district court committed a Booker statutory error in sentencing Fenimore under a mandatory guidelines scheme.  However, even considering the government's arguments, we cannot determine what the district court would have done had it understood the guidelines to be advisory.  We thus conclude that the government has not demonstrated with fair assurance that this error had but slight effect on Fenimore's ultimate sentence.  Accordingly, the Booker statutory error was not harmless.

### III. CONCLUSION

Because the government has failed to demonstrate that the district court's Booker statutory error was harmless, we **VACATE** and **REMAND** for resentencing consistent with this opinion.